UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR BISHAI,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF NEW YORK, OFFICER OLIVER LEIBOWITZ, individually and in his official capacity, JOHN DOES 1-5, individually and in their official capacity.<br><br>   Defendants. | Civil Case No.<br><br>**COMPLAINT**<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY** |

Plaintiff, TREVOR BISHAI by and through his attorneys, Cohen & Green PLLC and The Aboushi Law Firm, PLLC, alleges as follows:

## INTRODUCTION

On May 31, 2024, Plaintiff Trevor Bishai (Mr. Bishai) was riding his bicycle home and used the bicycle lane that runs through the median of Eastern Parkway. While riding, Plaintiff observed a group of NYPD officer standing in the bicycle lane, obstructing traffic and blocking his path. Mr. Bishai shouted at the NYPD members to get out of the way. In response, most of the NYPD members moved out of the bicycle lane to allow Mr. Bishai to pass, but a few NYPD officers remained in place including NYPD officer Liebowitz. As the bike lane was downhill, Plaintiff attempted to brake and when that did not work, he jumped off of his bike and planted his feet to stop his bike from coming into contact with Defendants who refused to move from the bike lane. Mr. Bishai stopped just before Officer Liebowitz and bumped into his shoulder. While apologizing profusely and explaining he was trying to stop his bike, Defendant Liebowitz and

1

five other officers pounced on Plaintiff, assaulted him and arrested him on false grounds. Mr. Bishai brings this suit to recover damages as a result of Defendants conduct.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as a substantial part of the events and/or omissions described herein were committed in this district

4. Plaintiff asserts the following claims pursuant to the United States Constitution, New York Constitution, Section 42 U.S.C.§ 1983, New York State law, as well as common law.

5. Plaintiff has complied with all requirements for asserting his claims, including filing a notice of claim, thirty days having elapsed since presentation of the claim, and compliance with GML Section 50 and the relevant subsections.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff is a resident of Kings County, New York.

8. Defendant Officer OLIVER LEIBOWITZ, Shield No. 21492 is a resident of New York, a police officer and agent for the NYPD and City of New York, and at all times was acting within his official capacity as a police officer, including but not limited to, taking action as a police officer, in uniform, while displaying a gun and a badge. He is sued in his individual and official capacities.

9. At all times herein, Defendant City of New York was and is a municipal entity created pursuant to the laws of the State of New York. Defendant City of New York operates and maintains the New York City Police Department ("NYPD"). The NYPD is an agency, arm and extension of the City of New York. Defendant City of New York and NYPD are the employers of the Defendant Officers and liable for their conduct.

10. At all relevant times the Defendant Officers were acting under color of State Law, including acting as police officers for the City of New York. Defendants were acting within the scope of their employment as police officers and agents for the City of New York when they engaged in the conduct described herein.

11. Officers and individuals John Does 1-5, are named individually and in their official capacity as Officials and/or Police Officers ("Defendant Police Officers" or "Officer(s)") and were at all relevant times acting under the color of state law as Police Officers. These officers engaged in conduct that violated the Plaintiff's rights, but whose identities are not yet known. This included using excessive force against Plaintiff, falsely arresting him, and assaulting him by repeatedly striking Plaintiff with a closed fist across the body and face without any lawful reason to do so.

## FACTUAL ALLEGATIONS

12. On May 31, 2024 at or around 6:40pm, Mr. Bishai was riding his bicycle in the bicycle lane that runs through the median of Eastern Parkway.

13. Bishai was on his way home after attending a demonstration outside of the Brooklyn Museum.

14. He left the protest without incident and, while riding, observed a group of NYPD members standing in the bicycle lane, obstructing traffic and blocking his path.

3

15. The group of NYPD officers looked at Mr. Bishai coming down the bike path but refused to move out of the way.

16. Mr. Bishai shouted at the NYPD members to get the fuck out of the way.

17. In response, most of the NYPD members moved out of the bicycle lane to allow Mr. Bishai to pass, but a few NYPD officers remained in place and turned to face Mr. Bishai as he approached, including Defendant Liebowitz.

18. As the bike path turned downhill, Mr. Bishai tried hitting his brakes but the NYPD members including Defendant Liebowitz were standing approximately 30 feet away.

19. Trying to avoid hitting into the officers, Mr. Bishai, dismounted in a hurry and planted his feet on the ground while straddling the bicycle to come to a stop.

20. While continuing to obstruct the bike lane and watching Mr. Bishai struggle to stop his bike, Defendant Liebowitz, who has at least 6 complaints and allegations against him majority of which are for use of physical force and includes abuse of authority for threatening arrest, remained standing in the bike path.

21. Mr. Bishai was able to stop his bike from hitting into Defendants but his body, specifically his shoulder bumped into Defendant Liebowitz.

22. Mr. Bishai apologized profusely and told Defendant Liebowitz that he was sorry and did not mean to bump into him. See 50-h 23:8-9.

23. At that moment, John Doe #1 yelled at Plaintiff and declared "You can't bump a cop!"

24. Immediately thereafter, at least five NYPD members John Does #1-5, including Officer Liebowitz, violently grabbed Mr. Bishai and tackled him to the ground.

25. Defendants forcefully threw Mr. Bishai down and hit his back against the pavement, before pushing Mr. Bishai over onto his stomach.

26. Defendant John Doe #1 pulled Mr. Bishai's hands behind his back to put metal handcuffs on him with extreme tightness, causing Mr. Bishai to experience significant pain.

27. Mr. Bishai was so shocked, confused and terrified during the vicious arrest that he defecated on himself.

28. Mr. Bishai made repeated requests for his handcuffs to be loosened due to pain in his wrists, but Defendants ignored his requests.

29. Defendants' abuse of authority and power did not stop there.

30. Defendant Liebowitz provided false information to the Kings County District Attorney's Office and signed a Criminal Complaint that contained the false charges against Plaintiff.

31. Defendant Liebowitz falsified a litany of extremely serious charges against Plaintiff accusing Plaintiff of assaulting him with his bike. These charges included Assault in the Second Degree, Menacing in the Second Degree with a Weapon, Criminal Possession of a Weapon, Attempted Assault with intent to cause Physical Injury and harassment.

32. In addition, Defendant Liebowitz falsified information accusing Plaintiff of riding his bike on a sidewalk knowing he was lawfully on the bike path.

33. Defendant Liebowitz further falsely claimed he was injured.

34. Defendants' claims were demonstrably false and were made up solely to cover up the Defendant Officer's unlawful use of force.

35. The assault on Plaintiff was excessive, unjustified and unwarranted.

36. Plaintiff did not do anything to warrant Defendants' actions.

37. Moreover, Defendant Officers had no basis to touch or detain Mr. Bishai.

38. The Defendant Officers had no probable cause or any other lawful reason to arrest the Plaintiff.

39. Defendant Officers arrested Plaintiff and charged him with several false crimes in order to cover up their misdeeds, including the assault of Plaintiff and their use of excessive force.

40. The Defendant officers intentionally and maliciously instituted and caused to be instituted and pursued a criminal case against Plaintiff.

41. The criminal charges were brought and prosecution ensued against Mr. Bishai without probable cause.

42. Defendants held Plaintiffs bicycle for four months depriving him of his property and primary means of transportation.

43. All of the charges against Plaintiff were resolved in his favor and dismissed.

44. Defendant Liebowitz has at least 6 complaints and allegations against him majority of which are for use of physical force and includes abuse of authority for threatening arrest. Upon information and belief, none of them were thoroughly investigated. Instead, they were resolved in favor of the Officer. Despite this incredible record that required intervention, the City of New York and the NYPD did nothing to inhibit this conduct.

45. Despite a serious and well documented history of using excessive force and violating the rights of members of the public, Defendants City of New York and Defendant Officers failed to monitor, supervise, and intervene in this unlawful conduct such that they encouraged and tacitly approved the unlawful conduct of the Defendant Officers.

46. It was predictable and all but certain that the Defendant Officers would violate Plaintiff's rights as they did on or about May 31, 2024.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment/Excessive Force
### Against the Individual Defendants

47. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

6

48. Upon information and belief, each Defendant, intentionally and/or recklessly used and attempted to use unreasonable, unlawful and/or excessive force on Plaintiff, including but not limited to, striking Plaintiff, thereby depriving Plaintiff of his right to be free from assault, battery, the use of unreasonable, unlawful, excessive, and improper force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, NYS Constitution, New York State laws, and the common laws of New York.

49. Defendants' actions were without any legal justification, and the force used upon Plaintiff was excessive, unwarranted, inappropriate, reckless, negligent and wholly improper.

50. Defendants' use of force against Plaintiff was not justified as he posed no threat to the Defendants that required the use of force used against him.

51. Defendants' actions caused Plaintiff to fear for his life and safety, and at no point was any of the contact and attempted contact consensual or privileged.

52. As a direct and proximate result of each Defendants' acts and/or omissions, Plaintiff suffered and continues to suffer significant severe physical and emotional injuries, including possibly requiring surgery, disfigurement, permanent disability and inability to walk and ongoing treatment.

53. As a direct and proximate result of the above unlawful conduct, Plaintiff was caused to suffer personal injuries, violation of his rights under Federal, State, and common law, rights to be free from unlawful use of force, assault, and battery, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

54. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Assault and Battery**

55. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

56. Defendants assaulted Plaintiff causing him to suffer substantial injuries.

57. Defendants approached Plaintiff in an aggressive and hostile manner, causing him to fear for his safety and be apprehensive of the bodily harm inflicted upon him by the Defendants.

58. Defendants also used unlawful force upon Plaintiff, including striking him in the face and body with such force that he suffered serious and likely permanent physical and psychological injuries.

59. Indeed, Plaintiff was struck on his head, back and body, suffered head trauma, endures constant pain and suffering, and continues to suffer the physical and psychological effects of Defendants' conduct.

60. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983/Monell
### Against the City of New York

61. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

62. The City of New York, via the NYPD, has effectively ratified the misconduct of the Defendant Officers. The violation of Plaintiff's Federal, State, and common law rights and resulting injuries were further directly, foreseeably, proximately, and substantially caused by conduct chargeable to the City of New York.

63. Said conduct included, but is not limited to, the acts of the Defendant agents and officers in the performance of their duties, which amounted to deliberate indifference to the rights of persons, including Plaintiff, who was subject to excessive force, unlawful force and arrest, negligence, and other misconduct by the Defendant officers, who the NYPD knew had

8

demonstrated a history of misconduct involving similar violations of common law, State, and Federal rights and causes of action.

64. The City of New York and the NYPD also failed to use reasonable care and/or was negligent in the hiring and retention of its employees, officers, and/or servants, failed to and/or was negligent in the retention, monitoring, and/or supervision of the individual Defendants, and failed to provide the appropriate safeguards to prevent the negligent use of force, assault, battery, and use of excessive force in violation of Plaintiff's rights as complained of herein.

65. The City of New York and the NYPD also failed to use reasonable care and was negligent in the, training, hiring and retention of its employees, officers, and/or servants, including the individual Defendants, as it pertains to the ability of members of the public to make inquiries to members of the NYPD when witnessing violation of rights.

66. It is clear that there is a need for monitoring and supervision regarding the use of force, assault, battery, and negligence, and that there is deliberate indifference to the use of same, particularly for the Defendant Officers, who had histories of similar misconduct prior to their interaction with Plaintiff of misuse of force, excessive force, assault and battery that required interdiction, investigation, supervision, and monitoring.

67. The City of New York and the NYPD failed to train officers that even if Plaintiff was a suspect in some crime, they nonetheless cannot commit an assault or battery, and cannot employ unreasonable, unlawful, and excessive force upon that individual, particularly significant use force such as striking Plaintiff in a vicious and heavy-handed manner.

68. The City of New York also failed to train its officers that if they see other officers engaged in misconduct/unlawful activity, such as the unlawful use of force and inhibiting the exercise of free speech, protest, and assembly in this matter, they must intervene to prevent it.

69. City of New York and the NYPD, including its Police Chief and superior officers such as Defendant Sgt. Occhipinti, created a tacit policy and custom of permitting the Defendant Officers' unlawful actions to continue with their imprimatur and approval.

70. Indeed, upon information and belief, the Defendant Officers involved have had numerous lawsuits filed against them for use of unlawful and excessive force.

71. Upon information and belief, the Defendant Officers also had several CCRB/IA complaints lodged against them for false arrest, unlawful, unnecessary, and excessive force, before they used the unlawful force and employed a false arrest against the Plaintiff.

72. Despite the lawsuits and complaints for excessive force and unlawful arrest prior to the complaint at hand, the Defendant Officers were not re-trained, provided additional supervision, or additional monitoring of their performance so as to prevent the unlawful use of force upon Plaintiff.

73. Had the Defendant Officers been retrained, monitored, and supervised given their histories, the unlawful use of force and actions against Plaintiff could have been prevented as the Defendant Officers knew that they would be held accountable and would not engage in the conduct complained of herein.

74. The failure of the City of New York and the NYPD to monitor, supervise, and retrain the Defendant officers was glaring in light of their histories of complaints and lawsuits for excessive, unlawful, and unnecessary use of force and other misconduct. The Defendant officers should not have been on the streets.

75. Upon information and belief, the City of New York and the NYPD also failed to track and meaningfully monitor and investigate the uses of force by the Defendant Officers such that the City of New York and the NYPD failed to monitor, supervise and control the Defendants.

These acts and omission demonstrated callous disregard with respect to the propensity of the Defendant Officers, and all but guaranteed that they would eventually use excessive and unlawful force against the Plaintiff.

76. The City of New York and the NYPD were aware, or should have been aware, with any level of diligence, of the shockingly high number of incidents involving unlawful use of force, misconduct, and excessive force by its officers, and in particular the Defendant-Officers named herein, but took no action to rectify the obviously deficient IA process, monitoring, and supervision.

77. The acts and omissions of the City of New York and NYPD effectively condoned Defendant Officers' past conduct of engaging in unlawful and excessive force, and the Defendant-Officers knew that they would not be held accountable in any meaningful way if they used unlawful and excessive force, such as in the case of Plaintiff.

78. Upon information and belief, the City of New York and the NYPD do not meaningfully investigate CCRB and Internal Affairs Complaints. The City of New York and the NYPD purport to investigate complaints, but in reality, conduct sham investigations that are aimed at covering up police misconduct.

79. Rather than properly adjudicate Internal Affairs/CCRB investigations, and meaningfully investigate complaints, the City of New York and the NYPD skew the investigations in favor of officers so that the complaint is either not-sustained due to alleged equipoise in evidence, or incapable of being adjudicated against the officer. Moreover, in many cases, including ones involving the Defendant Officers, a review of a complaint is cursory at best, and usually quickly closed without any meaningful investigation.

80. Indeed, Defendants each have histories of being sued for violations of civil rights.

81. However, no Defendant was disciplined and monitored, and no steps were taken to ensure that they did not continue to employ excessive force, as they ultimately did against the Plaintiff.

82. Defendants used unlawful and significant force upon Plaintiff constituting improper, unlawful, and excessive use of force.

83. Upon information and belief, Defendants have numerous complaints lodged against them prior to the incident with Plaintiff. The City Of New York and NYPD had ample notice of the Defendant-Officers' histories, propensities, and misconduct, similar to the unlawful conduct they subjected Plaintiff to. Those incidents do not appear to have been meaningfully investigated, and despite the obvious need for intervention, the NYPD failed to take any corrective action related to these officers, such as increased supervision, training, taking them off the street, and reassigning them to non-enforcement duties, or not deploying them for protest duties.

84. Upon information and belief, Defendant officers have been sued numerous times for the unlawful use of force for incidents prior to the unlawful use of force against Plaintiff. Yet Defendant City of New York and NYPD failed to investigate these unlawful uses of force and failed to take any meaningful steps to ensure that the unlawful use of force would not continue, such that the Defendant City of New York was indifferent to the right of Plaintiff to be free from excessive force, and all but guaranteeing that those citizens who encountered these individuals would be subject to excessive force.

85. The City of New York and the NYPD are liable for the conduct of the Defendant Officers pursuant to respondeat superior as Defendant-Officers were acting within the scope of their employment, in furtherance of their job duties and on behalf of the City of New York when they engaged Plaintiff and committed the acts complained of herein.

86. The City of New York and the NYPD, including the Chief of Police, knew, or with any diligent inquiry should have known, and had actual and/or constructive notice that Defendants were prone to the use of unlawful and excessive force, as well as commit assault and battery, but failed to do anything to train, monitor, supervise, or properly investigate these officers so as to prevent the predictable use of excessive force upon Plaintiff as a continuation of their pattern of unlawful use of force.

87. The failure of the City of New York and the NYPD to meaningfully respond to and investigate these complaints is tantamount to a policy of encouragement and tolerance for excessive and unlawful force.

88. The violation of Plaintiff's rights as described herein are also an expected and natural consequence of City of New York/NYPD's failure to discipline, monitor and supervise its officers.

89. Given the lengthy lawsuit and CCRB histories of the Defendant officers, the City of New York, NYPD, its Chief of Police and policy makers knew that Defendant-Officers needed discipline, training, supervision and monitoring, but failed to provide same.

90. In light of the foregoing, had the City of New York and NYPD and its policy makers provided additional monitoring, training and supervision for the Defendant officers, the individual Defendant officers would not have had occasion to violate Plaintiff's rights and commit the acts complained of herein, and but for the Defendant City's deliberate indifference to the obvious risk posed by individual Defendant officers, Plaintiffs rights would not have been violated. This includes not only providing additional training, but also removing these officers from contact with the public and/or ensuring that a supervisor was consulted before the use of any force or arrest.

91. In addition, the City of New York and the NYPD and the Defendant-Officers acted under color of law pursuant to an official policy or custom and practice of the NYPD whereby the use of unlawful and excessive force was permitted, tolerated, and condoned, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control, monitor, and discipline on a continuing basis their employees, agents and/or servants and/or otherwise failed to prevent the individual Defendants from unlawfully using excessive force upon Plaintiff and violating his rights to protest and free speech.

92. Defendant City of New York also enacted policies, customs and procedures, directly and by tacitly approving the unlawful use of force by not stopping it, with the aim to unlawfully inhibit it. Moreover, the City of New York has employed, and tacitly approved, unlawful violence as a response to protesters exercising their rights to freedom of speech, assembly, and protest.

93. As a direct and proximate result of the above-described impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, as well as State and common law rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

94. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Negligent Training and Supervision Under New York Law;
### Respondeat Superior Failure to Monitor/Negligent Hiring/Retention/ Municipal Liability
### Against the City of New York

95. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

96. By virtue of the foregoing, Defendant City of New York is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately supervise its officers employed by the NYPD with regard to the aforementioned constitutional and statutory duties to arrestees in their custody.

97. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Failure to Intervene

98. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

99. Each of the Defendant-Officers engaged in the use of excessive force and assault of the Plaintiff.

100. While each Defendant-Officer was engaged in the use of excessive force and the violation of Plaintiff's rights as alleged herein, those who were not using force against Plaintiff failed to intervene to prevent the use of excessive force in violation of Plaintiff's rights, despite an opportunity to do so.

101. The Defendant-Officers watched as Plaintiff was unlawfully subjected to excessive, unnecessary, and unlawful force.

102. Each Defendant had an opportunity to intervene as the use of excessive, unnecessary and unlawful force was being deployed against Plaintiff in front of them and within their immediate area. Each Defendant failed to instruct other officers not to use force or physically restrain the officers from using force. Rather than intervene to stop the use of excessive force and the violation of Plaintiff's rights as alleged in this Complaint and as the law requires, the Defendant officers did nothing and, upon information and belief, then attempted to conceal the use of excessive force by making false statements about what occurred in seeking to justify the unlawful use of force.

103. As a direct and proximate result of the above conduct, Plaintiff suffered personal injuries, violation of his common law, State law and civil rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

104. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### Unlawful Arrest, False Arrest, Unlawful Search and Seizure

105. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

106. Defendant-Officers engaged in an unlawful arrest and seizure of Plaintiff.

107. Each Defendant-Officer detained and arrested Plaintiff without probable cause to do so.

108. Each Defendant seized Plaintiff without any probable cause or legal justification to do so.

109. No Defendant obtained a warrant for Plaintiff's arrest, and nor did they have any legal justification to stop, seize, detain, arrest, or prosecute Plaintiff.

110. Plaintiff did not consent to the unlawful arrest and seizure.

111. As a direct and proximate result of the above impermissible conduct, Plaintiff suffered personal injuries, violation of his common law, State law, and civil rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

112. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### Intentional Infliction of Emotional Distress

113. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

114. Defendants were negligent in their interaction with the Plaintiff, including but not limited to, using force inappropriately, accidently and recklessly.

115. Defendants engaged in conduct that was extreme and outrageous in that they violently assaulted Plaintiff for simply asking them a question.

16

116. Defendants conduct was intention and/or reckless and as a result cause Plaintiff severe emotional distress, mental trauma and bodily harm.

117. Additionally, Defendants deviated from acceptable standards in using force in the way that they did, including but not limited to, striking Plaintiff.

118. To the extent that Defendants subjected Plaintiff to unintentional or unnecessary use of force, Defendants acts were per se negligent and grossly negligent.

119. The Defendants' actions were not within prevalent guidelines for the use of force.

120. Moreover, in these circumstances, where Plaintiff was not pointing a weapon at the Defendants or posing a threat to them, a reasonable officer would not have used any force upon Plaintiff.

121. Defendants' actions were the proximate cause of Plaintiff's significant injuries.

122. Defendants' actions caused Plaintiff severe permanent physical injuries and significant emotional distress.

123. As a direct and proximate result of the above conduct, Plaintiff suffered personal injuries, violation of his rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

124. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### Malicious Prosecution

125. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

126. Defendants filed knowingly false charges against Plaintiff that caused him to be arrested, detained, and prosecuted.

127. There was no reasonable basis or probable cause for the charges filed and prosecution of Plaintiff by Defendants and Defendants knew or should have known this to be the case.

128. The criminal action against Plaintiff was initiated by the Defendants, was actuated by malice, was wholly lacking in probable cause, and the proceeding terminated in favor of the plaintiff given that the matter was dismissed in its entirety.

129. Indeed, there was no legal basis for the charges and Defendants caused the charges to be filed to cover up their unlawful actions.

130. The Defendants caused knowingly false TRI reports, Criminal Complaints, and other documents filed in furtherance of the malicious prosecution of Plaintiff.

131. The unlawful actions taken by the Defendants in initiating a prosecution against the Plaintiff without warrant, justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourth and Fourteenth Amendments of the U.S. Constitution, as well as the Constitution of New York and its laws and common law.

132. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiff suffered severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges.

133. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages against the individual Defendant-Officers where permissible by law;

(c) interest, both pre-judgment and post-judgment;

(d) a declaration that Defendants violated the rights of Plaintiff;

(e) attorney's fees and costs; and

(g) all other such relief as this Court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

Dated:  New York, New York
        August 27, 2025

                                        Respectfully submitted,

                                        THE ABOUSHI LAW FIRM PLLC

                                        _____
                                        Tahanie A. Aboushi, Esq.
                                        1441 Broadway, 5th Floor
                                        New York, NY 10018
                                        Telephone: (212) 391-8500
                                        Tahanie@Aboushi.com

                                        **COHEN&GREEN PLLC**

                                        By:    Elena L. Cohen
                                               J. Remy Green
                                               Regina J. Yu
                                               Leena M. Widdi
                                               1639 Centre Street, Suite 216
                                               Ridgewood (Queens), NY 11385
                                               t: (929) 888-9480
                                               elena@femmelaw.com

                                        *Attorneys for Plaintiff*

19