

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY NOLL**
Assistant Corporation Counsel
Tel.: (212) 356-2617
jnoll@law.nyc.gov

September 22, 2025

**VIA ECF**
Honorable Clay H. Kaminsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Trevor Bishai v. The City of New York, et al.
                25-CV-4792 (CHK)

Your Honor:

      I am the Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing Defendant City of New York (the "City") in the above-referenced matter. The City respectfully requests an extension of time to answer or otherwise respond to the Complaint, from September 23, 2025 until November 21, 2025[1] and that the Court, *sua sponte*, grant individual Defendant Oliver Liebowitz a corresponding extension. Plaintiff's counsel, Remy Green, Esq., consents to this request. No previous request for an extension has been made by either party. This request will not affect the initial conference scheduled for November 25, 2025, at 11:30 a.m.

      Plaintiff brings the instant action alleging civil rights violations under 42 U.S.C. § 1983 stemming from his arrest on May 31, 2024. Plaintiff's Complaint alleges that NYPD Officer Oliver Leibowitz, and other unidentified officers, were standing in the bike lane on Eastern Parkway in which Plaintiff was riding his bike and refused to move out of the way. Compl. ¶ 12-17. Plaintiff alleges that while attempting stop his bike and avoid a collision, he struggled to stop resulting in his shoulder bumping into Officer Liebowitz. Compl. ¶ 20-21. According to the Complaint, Officer Liebowitz, and five other officers, thereafter tackled Plaintiff to the ground and arrested Plaintiff on false charges. Compl. ¶ 24-30. The complaint alleges that Plaintiff was criminally charged with Assault in the Second Degree, Menacing in the Second Degree with a Weapon, Criminal

---

[1] The City apologizes for its failure to comply with the Court's Individual Rules requiring that extension requests be filed three days in advance of the filing date. The undersigned was assigned the case on September 19, 2025.

Possession of a Weapon, Attempted Assault with intent to cause Physical Injury, and Harassment, all of which were dismissed against him. Compl. ¶ 31, 43. Plaintiff now brings claims of excessive force, failure to intervene, false arrest, unlawful search and seizure, malicious prosecution, a claim against the City of New York pursuant to <u>Monell v. Dept. of Soc. Svcs.</u>, 436 U.S. 658 (1978), as well as supplemental state law claims.

An enlargement of time will give this office the opportunity to investigate Plaintiff's allegations in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the Complaint. To that end, this office must obtain records concerning Plaintiff's time in NYPD custody, as well as other police records, the District Attorney's file, and the Criminal Court file. The City requested that Plaintiff execute a release for sealed records pursuant to NYCPL §§ 160.50 and 160.55. To date, the City has not received the executed release returned from Plaintiff. Only after the City obtains the executed release, can this office obtain and review these records to properly assess the case and adequately respond to the Complaint. An enlargement of time will also allow the City to determine whether there has been any investigation into the incident involving Plaintiff.

Additionally, this Office has not had the opportunity to interview Defendant Liebowitz, pursuant to New York General Municipal Law ("GML") § 50-k. The enlargement of time will allow this Office to determine representation and conduct a representation interview of the individual Defendant who we do not yet represent in the action. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). The City therefore respectfully requests the Court, *sua sponte*, extend the time for the individual Defendant Liebowitz to respond to the complaint until November 21, 2025 so that a representation decision can be made pursuant to NY GML § 50-k.

Accordingly, it is respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the Complaint from September 23, 2025 to November 21, 2025 and, *sua sponte*, extend the time for the individual Defendant to respond to the complaint until November 21, 2025.

I thank the Court for its time and consideration.

Respectfully submitted,

<u>/s/ *Jeffrey Noll*</u>

Jeffrey Noll, Esq.
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     **VIA ECF**
        *All Counsel of Record*