UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TREVOR BISHAI,

                                                  Plaintiff,

-against-

CITY OF NEW YORK, NYPD Members Oliver Leibowitz, Duke Tortorici Shield No. 11136, Detective Jeffrey Brown Shield No. 974, Captain Christopher Carlsen Tax Id 947998, Sergeant Robert Price Shield No. 3619, Deputy Chief Mary King Tax Id 936872, Michael Warren Shield No. 3582, Ho Lam Shield No. 19502, Lieutenant Luis Machado Tax Id 940403, Luis A. Gonzalezortega Shield No. 12216, Sergeant Jose Troncoso Shield No. 5573, and John Does 1-5, individually and in their official capacities,

                                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY AND OLIVER LIEBOWITZ**

25-CV-4792 (CHK)

**JURY TRIAL DEMANDED**

        Defendants City of New York and Oliver Liebowitz, by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        Deny the allegations set forth therein the section entitled "Introduction" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

        1.     Deny the allegations set forth therein in Paragraph "1" of the Amended Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

        2.     Deny the allegations set forth therein in Paragraph "2" of the Amended Complaint, except admit that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

3. Deny the allegations set forth therein in Paragraph "3" of the Amended Complaint, except admit that Plaintiff purports to base venue in this district as stated therein.

4. Deny the allegations set forth therein in Paragraph "4" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was received on January 13, 2025.

6. Paragraph "6" of the Amended Complaint is a demand for a trial by jury to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that that the City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that the City maintains the New York City Police Department ("NYPD"), by law and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of organization and responsibilities of the NYPD.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Oliver Liebowitz, Duke Tortorici, Jeffrey Brown, Christopher Carlsen, Robert Price, Mary King, Michael Warren, Ho Lam, Luis Machado, Luis A. Gonzalezortega, and Jose Troncoso were employees of the City of New York as a members of the NYPD; Defendants further deny knowledge or information sufficient to form a belief as to the truth of allegations concerning

unidentified officers, and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

    11.  Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Oliver Liebowitz was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

    12.  Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that Duke Tortorici was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

    13.  Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that Jeffrey Brown was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

    14.  Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that Christopher Carlsen was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

    15.  Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Robert Price and Mary King were employees of the City of New York as members of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that Michael Warren was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that Ho Lam was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that Luis Machado was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that Luis A. Gonzalezortega was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that Jose Troncoso was an employee of the City of New York as a member of the NYPD; and that Plaintiff purports to proceed as stated therein; insofar as the paragraph contains conclusion of law, no response is required.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that that the City is a municipal corporation duly organized and existing under the laws of the State of New York and maintains the NYPD by law and respectfully refers the Court

to the New York City Charter and Administrative Code for a full recitation of organization and responsibilities of the NYPD.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, and state that insofar as the paragraph contains conclusions of law, no response is required;.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, and state that insofar as the paragraph contains conclusions of law, no response is required; Defendants further deny knowledge or information sufficient to form a belief as to the truth of allegations concerning unidentified officers.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that on May 31, 2024, sometime around 6:30 p.m., Plaintiff was riding his bike in the vicinity of Washington Avenue and Eastern Parkway in Brooklyn.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint..

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that while riding his bike, Plaintiff struck Officer Liebowitz..

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit that Plaintiff eventually apologized to Officer Liebowitz.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that Plaintiff was taken to the ground.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except admit that Plaintiff was handcuffed.

39. Deny the allegations set forth in Paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint, except admit that Plaintiff was criminal charged with Assault in the Second Degree, Bicycling on a Prohibited Sidewalk, Menacing in the Second Degree, Obstructing Governmental Administration, Resisting Arrest, Criminal Possession of a Weapon in the Fourth Degree, Attempted Assault, and Harassment in the Second Degree.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Paragraph "47" of the Amended Complaint does not contain allegations of fact, but sets forth conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint, except admit that the Assault in the Second Degree charges against Plaintiff were dismissed on July 14, 2024 and the remaining charges were dismissed on October 15, 2024.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. In response to paragraph "60" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62 of the Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

68. In response to paragraph "68" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73. Deny the allegation set forth in paragraph "73" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

74. In response to paragraph "74" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83. Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84. Deny the allegations set forth in paragraph "84" of the Amended Complaint.

85. Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89. Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90. Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91. Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93. Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94. Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the Amended Complaint; and state that insofar as the paragraph contains conclusions of law, no response is required.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100. Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101. Deny the allegations set forth in paragraph "101" of the Amended Complaint.

102. Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103. Deny the allegations set forth in paragraph "103" of the Amended Complaint.

104. Deny the allegations set forth in paragraph "104" of the Amended Complaint.

105. Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106. Deny the allegations set forth in paragraph "106" of the Amended Complaint.

107. Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108. Deny the allegations set forth in paragraph "108" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein..

109. In response to paragraph "109" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the Amended Complaint; and state that insofar as the paragraph contains conclusions of law, no response is required.

111. Deny the allegations set forth in paragraph "111" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

112. In response to paragraph "112" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

113. Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114. Deny the allegations set forth in paragraph "114" of the Amended Complaint.

115. Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116. Deny the allegations set forth in paragraph "116" of the Amended Complaint.

117. Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

119. In response to paragraph "119" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

120. Deny the allegations set forth in paragraph "120" of the Amended Complaint.

121. Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122. Deny the allegations set forth in paragraph "122" of the Amended Complaint.

123. Deny the allegations set forth in paragraph "123" of the Amended Complaint.

124. Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125. Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126. Deny the allegations set forth in paragraph "126" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

127. In response to paragraph "127" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

128. Deny the allegations set forth in paragraph "128" of the Amended Complaint.

129. Deny the allegations set forth in paragraph "129" of the Amended Complaint.

130. Deny the allegations set forth in paragraph "130" of the Amended Complaint.

131. Deny the allegations set forth in paragraph "131" of the Amended Complaint.

132. Deny the allegations set forth in paragraph "132" of the Amended Complaint.

133. Deny the allegations set forth in paragraph "133" of the Amended Complaint.

134. Deny the allegations set forth in paragraph "134" of the Amended Complaint.

135. Deny the allegations set forth in paragraph "135" of the Amended Complaint.

136. Deny the allegations set forth in paragraph "136" of the Amended Complaint.

137. Deny the allegations set forth in paragraph "137" of the Amended Complaint

138. Deny the allegations set forth in paragraph "138" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

139. In response to paragraph "139" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

140. Deny the allegations set forth in paragraph "140" of the Amended Complaint.

141. Deny the allegations set forth in paragraph "141" of the Amended Complaint.

142. Deny the allegations set forth in paragraph "142" of the Amended Complaint.

143. Deny the allegations set forth in paragraph "143" of the Amended Complaint.

144. Deny the allegations set forth in paragraph "144" of the Amended Complaint.

145. Deny the allegations set forth in paragraph "145" of the Amended Complaint.

146. Deny the allegations set forth in paragraph "146" of the Amended Complaint.

147. Deny the allegations set forth in paragraph "147" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

**AS AND FOR A FIRST DEFENSE/ AFFIRMATIVE DEFENSE:**

148. The Amended Complaint fails to states a claim upon which relief can be granted, because the force, to the extent used, was reasonable under the circumstances and there was probable cause to arrest and prosecute Plaintiff.

**AS AND FOR A SECOND DEFENSE/ AFFIRMATIVE DEFENSE:**

149. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of Civil Rights, because Defendants did not subject Plaintiff to excessive force and there was probable cause to arrest and prosecute Plaintiff.

**AS AND FOR A THIRD DEFENSE/AFFIRMATIVE DEFENSE:**

150.  At all times relevant to the acts alleged in the Amended Complaint, Defendant City, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City is entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR A FOURTH DEFENSE/AFFIRMATIVE DEFENSE:**

151.  Punitive damages are not recoverable against the City.

**AS AND FOR A FIFTH DEFENSE/AFFIRMATIVE DEFENSE:**

152.  The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**AS AND FOR AN SIXTH DEFENSE/AFFIRMATIVE DEFENSE:**

153.  Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of third parties, and was not the proximate result of any act of Defendant City.

**AS AND FOR A SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:**

154.  Plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

**WHEREFORE**, Defendants City and Liebowitz request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of the action, and such other and further relief as the Court may deem just and proper.

Dated: January 29, 2026
        New York, New York

                                   MURIEL GOODE-TRUFANT
                                   Corporation Counsel of the
                                   City of New York
                                   *Attorney for Defendants City and Liebowitz*
                                   100 Church Street
                                   New York, NY 10007

                                   By:    / s/ *Jeffrey Noll*
                                            Jeffrey Noll, Esq.
                                           *Assistant Corporation Counsel*

cc:     **VIA ECF**
        All Counsel of Record
        *Attorney for Plaintiff*